**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Raker, | No. CV-26-02938-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Health and Human Services, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 3).

## I.      Legal Standards

### A.      Ability to Pay

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

### B.      Screening – 28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies

to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

Because Plaintiff has moved to proceed in forma pauperis, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served.

## II.    Discussion

### A.    Ability to Pay

Here, Plaintiff states that he receives $2,600.00 per month in social security benefits and has $1,970.00 per month in expenses. (Doc. 3). Plaintiff does not specify what expenses (like taxes or Medicare part b) are deducted from his monthly benefit. If Plaintiff actually has $630.00 per month in discretionary funds after expenses, he can afford the filing fee. However, it appears that the application is incomplete.

The Court will grant in forma pauperis status, but require Plaintiff to file an amended application to determine if in forma pauperis status should be revoked after consideration of all expenses. In the amended application, Plaintiff must specify how much discretionary income he has monthly after all expenses. If Plaintiff fails to file the amended application, or pay the filing fee, within the deadline set below, the Court will revoke in forma pauperis status and dismiss the complaint in this case without prejudice.

- 2 -

**B.    Screening**

In short summary, Plaintiff brings this lawsuit against Defendants seeking reimbursement of $3,055.21 in medical expenses from Medicare.  (Doc. 1).  The way to bring such a claim in district court is as follows: "The third sentence of 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984).  Thus, in this case, Plaintiff brings a claim that is permissible by statute in certain circumstances.

One such circumstance is that Plaintiff must have exhausted his administrative remedies prior to filing suit. *See* https://www.medicare.gov/publications/11525-medicare-appeals.pdf (last visited April 30, 2026) (discussing the five steps to seek review of a decision denying a claim, the fifth of which is filing a case in district court).  In his complaint, Plaintiff does not mention whether he sought review at the agency.  Nonetheless, for the minimum purposes of screening the complaint, the Court finds Plaintiff has alleged a plausible claim to survive screening.  However, this Order is without prejudice to Defendants moving to dismiss for lack of exhaustion or any other reason.  *See Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 3) is preliminarily granted.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended in forma pauperis application, or pay the filing fee, within 14 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint

and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m).  Plaintiff may either serve the complaint through his own means or file a motion asking for service by the U.S. Marshals.  Any motion for Marshal service must be filed within 14 days of the date of this Order.

Dated this 1st day of May, 2026.

James A. Teilborg
Senior United States District Judge

- 4 -