**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Raker, | No. CV-26-02938-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Health and Human Services, et al., | |
| Defendants. | |

Previously this Court granted Plaintiff's motion to proceed in forma pauperis ("IFP") but required Plaintiff to amend his application. Specifically, the Order stated:

**A.    Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

…

Here, Plaintiff states that he receives $2,600.00 per month in social security benefits and has $1,970.00 per month in expenses. (Doc. 3). Plaintiff does not specify what expenses (like taxes or Medicare part b) are deducted from his monthly benefit. If Plaintiff actually has $630.00 per month in discretionary funds after expenses, he can afford the filing fee. However, it appears that the application is incomplete.

The Court will grant in forma pauperis status, but require Plaintiff to file an amended application to determine if in forma pauperis status should be revoked after consideration of all expenses. In the amended application, Plaintiff must specify how much discretionary income he has monthly after all expenses. If Plaintiff fails to file the amended application, or pay the filing fee, within the deadline set below, the Court will revoke in forma pauperis status and dismiss the complaint in this case without prejudice.

(Doc. 6).

As required in the prior order, Plaintiff filed an amended IFP application.  (Doc. 8).  Plaintiff's expenses in the new application exceed his income because he reduced his monthly social security benefit to $150.00 (from $2,600).  (*Id*.). This Court is supposed to deny or revoke IFP status if the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2).  Here, the Court does not believe, in a broad sense, that the allegation of poverty is untrue; however, the Court seriously questions whether the amended IFP application is fully truthful.  In other words, the Court is doubtful that 94% of Plaintiff monthly social security benefit is taken out for taxes and Medicare expenses.

Nonetheless, because in the broad sense the Court does not believe the allegation of poverty is untrue, the Court will not continue to go around with Plaintiff attempting to get him to file a fully accurate IFP application.  If Defendants so choose, they may move for sanctions, up to seeking dismissal of this case, if they believe inaccuracies in the IFP application warrant sanctions.

Plaintiff has also requested service by the U.S. Marshals.  The Court will grant this request.  *See Boudette v. Barnette*, 923 F.2d 754, 756–57 (9th Cir. 1991).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's amended motion to proceed in forma pauperis (Doc. 8) is granted.

**IT IS FURTHER ORDERED** granting Plaintiff's motion for service by the U.S. Marshals.  (Doc. 9).  Thus, service by waiver or service of the summons and complaint shall be at government expense on the Defendants by the U.S. Marshal or his authorized representative.  The Court directs the following:

(1)    The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order and the Order at Doc. 6, USM form 285, and both summons and request for waiver forms for each of the two Defendants.

(2)    Plaintiff must complete and return the service packet to the Clerk of Court within 14 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)    If Plaintiff does not obtain either a waiver of service or complete service on Defendants by July 28, 2026, this action may be dismissed.  Fed. R. Civ. P. 4(m).

(4)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.

Dated this 7th day of May, 2026.

James A. Teilborg
Senior United States District Judge

- 3 -